UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.: 13-20147-BKC-RAM
                                                          Chapter 7
**ERNESTO SANTOMAURO**
SSN: XXX-XX-6210
_____Debtor._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING VALUATION AND
REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Ernesto Santomauro (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files his Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"), and in support thereof, states as follows:

## I.    Background

1.  This case commenced with the filing of a voluntary Chapter 7 Petition on April 30, 2013. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.  The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation"), attached hereto as Exhibit "A."

3. The Stipulation provides for the Repurchase of Debtor's Non-Exempt Assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II. Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), *cert. denied sub nom. Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

8.The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)).

9.According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)the probability of success in the litigation;

(b)the difficulties, if any, to be encountered in the matter of collection;

(c)the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d at 602, quoted in *Arrow Air*, 85 B.R. at 891.

10.The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

CASE NO.: 13-20147-BKC-RAM

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Ernesto Santomauro, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on October 10, 2013, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

| | | |
|---|---|---|
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | (p)WACHOVIA BANK NA<br>MAC X2303-01A<br>1 HOME CAMPUS<br>1ST FLOOR DES MOINES IA 50328-0001 |
| Asset Acceptance Llc<br>Po Box 1630<br>Warren, MI 48090-1630 | Baptiist Hospital Of Miami<br>P.O. Box 198116<br>Atalnta, GA 30384-8116 | Bca Financial Services<br>18001 Old Cutler Rd Ste<br>Palmetto Bay, FL 33157-6437 |
| Cavalry Port<br>500 Summit Lake Dr<br>Valhalla, NY 10595-2322 | Cbe Group<br>1309 Technology Pkwy<br>Cedar Falls, IA 50613-6976 | Credit Management Lp<br>4200 International Pkwy<br>Carrollton, TX 75007-1912 |
| Credit Protection Asso<br>One Galleria Tower<br>Dallas, TX  75240 | Diego Mendez Esq.<br>POB 228630<br>Miami, FL 33222-8630 | ~~Ernesto Santomauro~~<br>~~670 Nw 114 Ave~~<br>~~Miami, Fl 33172-4719~~ |
| Hsbc Bank<br>Po Box 5253<br>Carol Stream, IL 60197-5253 | Midland Credit Mgmt In<br>8875 Aero Dr<br>San Diego, CA 92123-2255 | New Century Mortgage C<br>5330 Atlantic Avenue<br>Long Beach, CA 90805 |
| ~~New Century Mortgage C~~<br>~~210 Commerce~~<br>~~Irvine, CA 92602-1318~~ | Nrs/receivia<br>2810 Walker Rd<br>Chattanooga, TN 37421-1082 | Pablo Roger<br>670 NW 114 Ave # 201<br>Miami, FL 33172-4719 |
| Rjm Acq Llc<br>575 Underhill Blvd Ste 2<br>Syosset, NY 11791-3426 | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161-0244 | Select Portfolio Svcin<br>Po Box 65250<br>Salt Lake City, UT 84165-0250 |
| ~~Southwest Credit Syste~~<br>~~5910 W Plano Pkwy~~<br>~~Plano, TX 75093-2202~~ | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                         CASE NO.: 13-20147-BKC-RAM
                                               Chapter 7
**ERNESTO SANTOMAURO**
SSN: XXX-XX-6210
_____Debtor._____/

## STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Ernesto Santomauro (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on April 30, 2013. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

## THE SETTLEMENT

6. The Trustee and the Debtor agree to compromise the valuation and repurchase of the non-exempt interest in the Property for $3,000.00 (the "Settlement Amount"). The



**EXHIBIT "A"**

Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

7. The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| cash | 0.28% | $ 8.31 |
| 2002 Volvo S60 | 54.58% | $ 1,637.48 |
| HHG (furniture, televisions, appliances, electronics, computer) | 11.03% | $ 330.82 |
| clothing | 2.22% | $ 66.50 |
| jewelry | 0.55% | $ 16.62 |
| Estate's interest in 2012 Tax Refund | 31.34% | $ 940.26 |

8. The Trustee and the Debtor agree that the Settlement Amount shall be paid in twenty (20) consecutive monthly installments of $170.00 each month, with the first payment to be made on or before, *November 15, 2013* and each subsequent payment due on the same day each month thereafter until a total amount of $3,400.00 is paid in full. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term. Debtor may also pre-pay the balance due on the Settlement Amount without incurring subsequent monthly administrative and bank fees after the Settlement Amount is paid in full.

9. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Ernesto Santomauro, Case No.: 13-20147-BKC-RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

10. Debtor agrees that the instant repurchase of interest in non-exempt property expressly *excludes* any and all interest Debtor may have in real property located at (1) 13253 SW 113 Terrace Miami FL 33186 (the "13253 SW 113 Terrace Property") and (2) real property

*ES*
Initials

2

located in Venezuela (collectively, the "Real Property"), and any and all interest arising from claims related to the Real Property. The Debtor agrees that whatever interest he holds in the Real Property constitutes non-exempt property of the Estate, subject to administration by the Trustee.

11. Debtor also agrees to cooperate fully with the Trustee and to take any actions the Trustee deems reasonable and desirable in relation to the Trustee's investigation the secured status of the Real Property, including but not limited to producing any and all documents related to the Real Property, foreclosure action(s) on the same, mortgage documents, and attendance at a re-noticed 2004 examination.

12. With regard to the repurchase of the Debtor's non-exempt interest in the vehicle(s) included in the Property, the Debtor agrees to: (i) maintain full liability and property damage insurance on all vehicle(s) until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicle(s) and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

13. The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

*ES*
Initials

14. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

15. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

16. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

17. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

_ES_
Initials

4

CASE NO.: 13-20147-BKC-RAM

Dated this _____ day of October, 2013.            Dated this _10_ day of October, 2013.

_____                    _____
Ernesto Santomauro                                Joel L. Tabas, Trustee
670 NW 114 AVE                                    14 N.E. First Avenue, Penthouse
Miami, FL 33172                                   Miami, Florida  33132
                                                  Telephone: (305) 375-8171
                                                  Facsimile: (305) 381-7708

Dated this ____ day of October, 2013.

_____                    _____
                                                  DIEGO G MENDEZ
                                                  P.O. Box 228630

                                                  Miami, FL  33172

_ES_
Initials

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                              CASE NO.:  13-20147-BKC-RAM
                                                                    Chapter 7
**ERNESTO SANTOMAURO**
SSN: XXX-XX-6210
_____Debtor._____/

[PROPOSED]
ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING
VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**EXHIBIT "B"**

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| cash | 0.28% | $ 8.31 |
| 2002 Volvo S60 | 54.58% | $ 1,637.48 |
| HHG (furniture, televisions, appliances, electronics, computer) | 11.03% | $ 330.82 |
| clothing | 2.22% | $ 66.50 |
| jewelry | 0.55% | $ 16.62 |
| Estate's interest in 2012 Tax Refund | 31.34% | $ 940.26 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid in twenty (20) consecutive monthly installments of $170.00 each month, with the first payment to be made on or before, and each subsequent payment due on the same day each month thereafter until a total amount of $3,400.00 is paid in full. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term. Debtor may also pre-pay the balance due on the Settlement Amount without incurring subsequent monthly administrative and bank fees after the Settlement Amount is paid in full.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.